

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

**GERALD C. MANN**
ATTORNEY GENERAL

April 1, 1939

Hon. R. S. Wyche
County Auditor
Longview, Texas

Dear Sir:

Opinion No. O-526
Re: When a person is convicted of murder
and after conviction an affidavit
is filed that he is insane, can script
be issued against the State of Texas
to pay witnesses their per diem and
mileage?

Your request for an opinion on the above stat-
ed question has been received by this office. We quote
from your letter as follows:

"Don Coven was convicted in this county
of murder, and after conviction an affidavit
was filed that he was insane.

"Numerous witnesses were summoned both.
for the state and defendant, and they have
proven up their witness fees and desire that
I issue script against the State of Texas to
pay their per diem and mileage...."

Articles 921, 922 and 924 of the Code of Crimin-
al Procedure read as follows:

"Art. 921. If at any time after convic-
tion and by the manner and method as hereinafter
provided, it be made known to the Judge of the
Court in which the indictment has been return-
ed, that the defendant has become insane, since
his conviction, a jury shall be empaneled as in
ordinary Criminal cases to try the question of
insanity.

"Art. 922. Information to the Judge of
the Court as provided in Article 921 of the Code

of Criminal Procedure of the State of Texas
as to the insanity of a defendant, shall con-
sist of the affidavit of the Superintendent
of some State Institution for the treatment
of the insane, or the affidavit of not less
than two licensed and regularly practicing
physicians of the State of Texas, or the affi-
davit of the prison physician or warden of
the Penal Institution wherein the defendant
—is in prison, or the County Health Officer
of the County where the defendant was finally
convicted, which affidavits, if made, shall
state that after a personal examination of the
defendant, it is the opinion of the affiant
that the defendant is insane, and said affi-
davits shall, in addition thereto, set forth
the reasons and the cause or causes which
have justified the opinion."

"Art. 924. No special formality is
necessary in conducting the proceedings au-
thorized by this chapter. The court shall see
that the inquiry is so conducted as to lead
to a satisfactory conclusion. The counsel
for the defendant has the right to open and
conclude the argument upon the trial of such
issue of insanity."

The case, Millikin vs. Jeffrey, 291 SW 393
holds among other things that the court in which the
defendant was convicted has exclusive jurisdiction of
a proceeding to inquire into his alleged insanity.

Article 24 of the Penal Code reads as follows:

"A 'criminal action' means the whole
or any part of the procedure which the law
provides for bringing offenders to justice;
and the terms "prosecution' and 'accusation'
are used in the same sense."

The procedure adjudging one not charged with a
crime to be a person of unsound mind and providing for
his restraint is solely through the county court and

although the State is a party to such inquiry, the character of the proceeding is essentially civil. (White vs. White, 196 SW 508; Tex. Jur. Vol. 24, page 388) However the Amarillo Court of Civil Appeals in the case of Lindsay vs. Wood et ux, 27 SW 2nd 263 said that :

"In our opinion, a prosecution for lunacy is a quasi-criminal proceeding."

but practically all of the authorities hold that such proceedings are essentially civil.

Title 12, Chapter 1 of the Code of Criminal Procedure provides for a trial of the question of the defendant's insanity where it is made known to the court at any time after conviction, or if the court has good reason to believe, that the defendant is insane, or where a person who has been convicted of a felony shows as a reason why sentence should not be pronounced that he is insane and sufficient proof is made to satisfy the court that the issue is well-founded. In proceedings of this nature there is no issue or question to be determined by the court except the question of the defendant's insanity and it cannot be said that this is a criminal action or procedure as no criminal offense is charged in such proceeding.

After a careful investigation and search of the statutes, we are unable to find any statute providing for or authorizing the payment of witnesses in such proceedings. Title 12, chapter 1 of the Code of Criminal Procedure, supra, makes no provisions nor does it prescribe the manner in which such witnesses shall be subpoenaed or brought before the court in such hearing nor does it provide for the compensation of such witnesses.

Article 1036, Code of Criminal Procedure provides among other things:

"1. Any witness who may have been recog-

nized, subpoenaed or attached, and given bond for his appearance before any court, or before any grand jury, out of the county of his residence to testify in a felony case, and who appears in compliance with the obligations of such recognizance or bond, shall be allowed his actual traveling expenses, not exceeding four cents per mile going to and returning from the court or grand jury, by the nearest practical conveyance, and two dollars per day for each day he may necessarily be absent from hime as a witness in such case.

"Witnesses shall receive from the State, for attendance upon district courts and grand juries in counties other than that of their residence, in obedience to subpoenas issued under the provisions of law their actual traveling expenses, not exceeding four cents per mile, going to and returning from the court or grand jury, by the nearest practical conveyance, and two dollars per day for each day they may necessarily be absent from home as a witness, to be paid as now provided by law;.......

"Sec. 2. Witness fees shall be allowed only to such witnesses as may have been summoned on the sworn written application of the State's attorney or the defendant or his attorney as provided in Article 463, Code of Criminal Procedure, which sworn application must be made at the time of the procuring of the subpoena, attachment for, or reeognizance of, the witness. The judge to whom an application for attachment is made, may, in his discretion, grant or refuse such application, when presented in term time."

Article 463, Code of Criminal Procedure, reads:

"Before the clerk or his deputy shall be required or permitted to issue a subpoena in any felony case pending in any District or Criminal District Court of this State of which

he is clerk or deputy, the defendant or his attorney or the State's attorney shall make written, sworn application to such clerk for each witness desired. Such application shall state the name of each witness desired, the location and vocation, if known, and that the testimony of said witness is material to the State or to the defense. As far as is practical such clerk shall include in one subpoena the names of all witnesses for the State and for defendant, and such process shall show that the witnesses are summoned for the State or for the defendant. When a witness has been served with a subpoena, attached or placed under recognizance at the instance of either party in a particular case, such execution of process shall inure to the benefit of the opposite party in such case in the event such opposite party desires to use such witness on the trial of the case, provided that when a witness has once been served with a subpoena, no further subpoena shall be issued for said witness."

The proceeding provided for by Title 12, chapter 1 of the Code of Criminal Procedure, supra, is not the trial of the felony case in the district court. Therefore, witnesses who appear in such cases or proceedings are not entitled to fees or compensation as provided for in Article 1036, Code of Criminal Procedure.

In view of the foregoing statutes, you are respectfully advised that it is the opinion of this Department that witnesses in proceedings as provided for by Title 12, chapter 1, Code of Criminal Procedure cannot have script issued against the State of Texas to pay their per diem and mileage and that the State is not liable for such costs.

Trusting that the foregoing answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Ardell William

Ardell Williams

AW:AW
APPROVED:

FIRST ASSISTANT ATTORNEY GENERAL